# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **GLAD TIDINGS ASSEMBLY OF GOD CHURCH OF LAKE CHARLES** | **CASE NO. 2:21-CV-01009** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **INDIAN HARBOR INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Consolidate [doc. 17] brought by the several domestic insurers having policies over the plaintiff and joined as defendants to this suit ("domestic insurers"). Plaintiff Glad Tidings Assembly of God Church of Lake Charles ("Glad Tidings") has filed no response to the motion.

### I.
### BACKGROUND

This suit arises from a property insurance claim made by Glad Tidings, a church in Calcasieu Parish, Louisiana, based on damage it sustained in Hurricane Laura in August 2021. At the time of the loss the church's properties were insured under a surplus lines commercial property insurance policy, which allocated premiums and proportionate liabilities among the eight domestic insurers named as defendants in this suit as well as Certain Underwriters at Lloyd's, London ("Underwriters") and HDI Global Specialty SE. Doc. 18, att. 3. The policy contains an arbitration clause, requiring that all disputes "in

relation to this insurance, including its formation and validity . . . be referred to an Arbitration Tribunal in the manner hereinafter set out." *Id.* at 42.

A dispute arose between Glad Tidings and the insurers as to the total amount of loss. Glad Tidings filed suit against only Underwriters in this court, raising claims for breach of insurance contract and bad faith, after which Underwriters sent it a letter invoking the arbitration agreement and a summary of case law applying arbitration clauses in policies subscribed to by foreign insurers. Doc. 18, atts. 4–6; *see Glad Tidings Assembly of God Church of Lake Charles v. Underwriters at Lloyds London*, No. 2:21-cv-0720 (W.D. La. Apr. 15, 2021). Glad Tidings voluntarily dismissed its suit against Underwriters and, on the same day, filed this suit for breach of insurance contract and bad faith against all of the domestic insurers named in the policy. Doc. 1. The insurers then filed a petition to compel arbitration and stay litigation against Glad Tidings. *See Certain Underwriters at Lloyds London v. Glad Tidings Assembly of God Church of Lake Charles*, No. 2:21-cv-1504 (W.D. La.). They also filed a motion to consolidate and a motion to compel arbitration and stay litigation in the instant suit. Docs. 17, 18.

## II.
### LAW & APPLICATION

The domestic insurers request that the court consolidate this action with the suit filed by all of the insurers against Glad Tidings. Doc. 17. Glad Tidings has filed no opposition to the motion and its time for doing so has passed. Doc. 20. Under Federal Rule of Civil Procedure 42(a), the court has broad discretion to consolidate two or more actions when there are common questions of law and fact. *Mills v. Beech Aircraft Corp., Inc.*, 886

F.2d 758, 761–62 (5th Cir. 1989). This rule "rests on principles of comity and sound judicial administration." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). The rule "does not require the cases to be identical," but there should be "substantial overlap" between the issues presented by the cases. *Int'l Fidelity Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (quoting *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)).

There is substantial overlap between the two cases at this stage of the litigation, given the commonality of parties and the overriding question of the arbitration agreement's applicability. Consolidation will eliminate the risk of duplicate rulings and reduce cost and delay between the two matters. Accordingly, the motion should be granted.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion to Consolidate [doc. 17] be **GRANTED** and that this suit be consolidated with *Certain Underwriters at Lloyds London v. Glad Tidings Assembly of God Church of Lake Charles*, No. 2:21-cv-1504 (W.D. La.) for all purposes, including trial. This matter, as the first filed, is designated as the lead case and the parties are directed to file all motions under this docket number.

**THUS DONE AND SIGNED** in Chambers on this 28th day of June, 2021.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**